# UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

ABUNDIO OLGUIN,

    Plaintiff,

vs.

MEDALLION 20 ACRES, LLC.
a Florida Limited Liability Company, and
OSMAN MARTIN, Individually

    Defendants.
_____/

Case No. _____

## COMPLAINT

**COMES NOW**, the Plaintiff, ABUNDIO OLGUIN (hereinafter "OLGUIN"), by and through his undersigned counsel, and files this Complaint against MEDALLION 20 ACRES, LLC. (hereinafter "MEDALLION") and OSMAN MARTIN (hereinafter "MARTIN"), individually, and in support alleges as follows:

1. This is an action for damages greater than $5,000.00 and less than $15,000.00, excluding attorney's fees and costs.

2. This is an action brought by OLGUIN to recover from MEDALLION and MARTIN unpaid overtime wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees.

3. OLGUIN is over the age of 18, resides in Miami Dade County, Florida at 18900 SW 180TH AVENUE. MIAMI, FL 33187, and is otherwise *Sui Juris*.

4. Defendant, MEDALLION, at all relevant times, was a Florida Limited Liability Company with its principal place of business located at 27805 SW 197TH

1

AVENUE. HOMESTEAD, FL 33031 and individually MARTIN also located at 27805 SW 197TH AVENUE. HOMESTEAD, FL 33031.

5. The Defendants' business activities involve those to which the Fair Labor Standards Act applies.

6. The Defendants' business and the Plaintiff's work for the Defendants affected interstate commerce for the relevant time period as the materials and goods that Plaintiff used on a constant and/or continual basis and/or that were supplied to him by the Defendants to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiff's use of the same.

7. The Plaintiff's work for the Defendants was actually in and/or so closely related to the movement of commerce while he worked for the Defendants that the Fair Labor Standards Act applies to Plaintiff's work for the Defendants.

8. The Defendants also regularly employed two or more employees for the relevant time period who handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendant's business an enterprise covered under the Fair Labor Standards Act.

9. Upon information and belief, MEDALLION's gross sales or business exceeded $500,000.00 for the relevant time periods alleged in this complaint.

10. The individual Defendant MARTIN is a corporate officer and/or owner and/or manager of the Corporate Defendant, MEDALLION.

11. The individual Defendant MARTIN ran and/or assisted in the running of day-to-day operations of Corporate Defendants at all relevant times alleged within this complaint.

12. The individual Defendant MARTIN controlled Plaintiff's work and schedule.

13. The individual Defendant MARTIN was OLGUINS's employer as defined by 29 U.S.C. 203 (d).

14. All of the relevant events alleged in this complaint occurred in Dade County.

## COMMON FACTUAL ALLEGATIONS

15. From approximately August 2nd, 2013 through June 1st, 2015, OLGUIN worked for MEDALLION.

16. OLGUIN was compensated at a rate of $10.00 per hour, for all of his performed work for MEDALLION. He was supposed to be compensated at a rate of $15.00 per hour for all work performed in over time.

17. OLGUIN worked approximately 65 hours per week. During this period he worked on or about 1,875 over time hours, but he was not properly compensated and/or only received partial payment of his salary while he worked for MEDALLION.

18. In total, OLGUIN did not receive approximately $9,375.00 in salary for the work that he performed for MEDALLION from approximately August 2nd, 2013 through June 1st, 2015.

19. MARTIN was in charge of payment for employees of MEDALLION.

## COUNT I: VIOLATION OF THE FAIR LABOR STANDARDS ACT (OVERTIME WAGE VIOLATION)

20. Plaintiff readopts and realleges all the allegations contained within Paragraphs 1 through 19.

21. This is an action to collect unpaid overtime wages under the Fair Labor and Standard Act, 29 U.S.C. § 201 *et. seq.* (the "FLSA").

22. Concurrent jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216 (b).

23. 29 U.S.C. § 207 (a) (1) requires that employer compensate an employee at least at one and half times the employee's regular rate for hours an employee works in excess of forty (40) hours in any work week.

24. From approximately August 2nd, 2013 through June 1st, 2015, OLGUIN worked approximately 1,875 hours in excess of the forty (40) hour work week for MEDALLION.

25. Defendants did not pay OLGUIN properly for the 1,875 hours worked in excess of the forty (40) hour work week for MEDALLION.

26. As per the Fair Labor and Standard Act, 29 U.S.C. § 201 *et. seq.*, OLGUIN should have been paid at a rate of $15.00 per hour by the Defendants for the approximately 1,875 hours that OLGUIN worked in excess of the forty (40) hour work week for MEDALLION.

27. In total, Defendants were required to pay OLGUIN approximately $9,375.00 for the approximately 1,875 hours worked in excess of the forty (40) hour work week for MEDALLION.

28. As a result of the Defendants failure to pay OLGUIN at the proper rate of pay for the approximately 1,875 hours worked in excess of the forty (40) hour work week for MEDALLION. Defendants have violated the Fair Labor and Standard Act, 29 U.S.C. § 201 *et. seq.* and OLGUIN was not paid approximately $9,375.00.

29. Defendants willfully and intentionally refused to pay OLGUIN's overtime wages as required by the FLSA as Defendants knew of the Federal Overtime Wage

requirements of the FLSA and recklessly failed to investigate whether their payroll practices were in accordance with the FLSA.

30. Furthermore, OLGUIN demanded the $9,375.00 due as a result of Defendants' violation of the Federal Overtime Wage requirements of the FLSA through a letter by OLGUIN's counsel, but Defendants never responded to this demand for these unpaid wages.

**WHEREFORE**, the Plaintiff requests double damages and reasonable attorney's fees from Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for all overtime wages still owing from Plaintiff's entire employment period with each Defendant, along with court costs, interests, and any such other relief that this Court finds reasonable under the circumstances.

## COUNT II: UNJUST ENRICHMENT

31. Plaintiff readopts and realleges all the allegations contained within Paragraphs 1 through 19.

32. OLGUIN conferred benefits to Defendants in that he provided labor to them and other valuable services for which employers and/or business would usually pay a person for.

33. Defendants voluntarily accepted and retained the labor and/or services that OLGUIN provided them.

34. The circumstances are such that it would be inequitable for the Defendants to retain the benefits without paying value thereof to OLGUIN for the following reasons:

a. The Defendants knew that OLGUIN expected payment for the labor and/or services that he provided to them;

b. The labor and/or services that OLGUIN provided to Defendants are the kind that an employer and/or business would regularly be compensated an employee for; and

c. The Defendants profited from the labor and/or services that OLGUIN conferred to them.

**WHEREFORE**, the Plaintiff requests double damages and reasonable attorney's fees from Defendants, jointly and severally, pursuant to Fla. Stat. § 448.110 and Fla. Stat. § 448.08, to be proven at the time of trial for all wages still owing from Plaintiff's entire employment period with each Defendant, along with court costs, interests, and any such other relief that this Court finds reasonable under the circumstances.

### JURY DEMAND

OLGUIN demands trial by jury of all issues so triable as of right.

Respectfully submitted,

THE CORONA LAW FIRM
3899 NW 7th Street, 202B
Miami, Florida 33126
Ph: (305) 266-1150
Fax: (305) 266-1151
Email: rpalomino@coronapa.com
Secondary: dayana@coronapa.com

BY: _____
Ricardo Corona, Esq.
FL. Bar No. 111333
Rene Palomino Jr., Esq.
Fl. Bar No. 381292

6